IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| JOSEPH P. HUDSON, Guardian of Minor Children M.D.S., J.M.S., and R.D.M., minors, and M.D.S., J.M.S., and R.D.M., Minors, Individually, by Joseph P. Hudson, Next Friend | PLAINTIFFS |
| v. | CIVIL ACTION NO. 1:09CV701-LG-RHW |
| MICHAEL KIRKLAND; RICHARD WOODHAM, JR.; KANSAS CITY SO. RAILWAY CO.; KANSAS CITY SO. INDUSTRIES, INC.; KATRINA SARGENT; JOHN DOES 1-10; and JANE DOES I-V | DEFENDANTS |

## ORDER GRANTING MOTION TO REMAND

**BEFORE THE COURT** is the Motion to Remand [6] filed by the plaintiffs. Upon reviewing the submissions of the parties and the applicable law, the Court finds that the Motion to Remand should be granted.

### FACTS

Joseph P. Hudson is the guardian of three minor children who were injured when the automobile in which they were traveling was struck by a train on U.S. Highway 49 in Gulfport, Mississippi. He has sued the following defendants on their behalf: Michael Kirkland (the train's engineer), Richard Woodham, Jr. (the train's conductor), Katrina Sargent (the children's mother and the driver of the vehicle in which they were traveling), and two railroad companies that allegedly owned and/or controlled the train (KCSI and KCSR).

### DISCUSSION

28 U.S.C. § 1332 confers federal diversity jurisdiction over civil actions where the matter

in controversy exceeds the sum or value of $75,000, and the civil action is between citizens of different states. It is undisputed that the amount in controversy requirement is satisfied in this lawsuit, and it is also undisputed that the plaintiffs, Kirkland, Sargent, and Woodham are all residents of Mississippi. However, KCSR and KCSI assert that the citizenship of Kirkland, Sargent, and Woodham should not be considered because these defendants were improperly joined.

There are two ways to establish improper joinder "(1) actual fraud in the pleading of jurisdictional facts, or (2) the inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005). When determining whether a plaintiff has established a cause of action against a non-diverse defendant, this Court must consider "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against the in-state defendant . . . ." *Guillory*, 434 F.3d at 308.

> To determine the validity of an improper joinder claim, we "must evaluate all of the factual allegations in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff." In addition, we must resolve all ambiguities in the controlling state law in the plaintiff's favor. We do not determine whether the plaintiff will actually or even probably prevail on the merits of the claim, but look only for a possibility that the plaintiff might do so.

*Id.* at 308-09 (quoting *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981)). "This means there must be a *reasonable* possibility of recovery, not merely a *theoretical* one." *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir. 2007) (quoting *Ross v. Citifinancial Inc.*, 344 F.3d 458, 461 (5th Cir. 2003)). To determine whether a plaintiff has a reasonable basis of recovery under state law, courts generally conduct a Rule 12(b)(6)-type analysis, "looking

initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). However, in cases in which a plaintiff has misstated or omitted discrete facts that would determine the propriety of joinder, a court may pierce the pleadings and conduct a summary inquiry. *Smallwood*, 385 F.3d at 573-74.

KCSR and KCSI argue that the plaintiffs cannot possibly recover against the non-diverse defendants, Kirkland and Woodham, because these defendants did not fail to maintain a proper lookout, were not negligent in applying the emergency brakes, sounded the train's horn and bell, did not tamper with the train's safety devices, were operating the train at a safe speed, did not fail to provide sufficient warning of the crossing, and had no duty regarding hiring or retaining of railroad employees. KCSR and KCSI rely on affidavits signed by Kirkland and Woodham that state that the train's horn and bell were sounded, that the headlights and ditchlights were illuminated, that the train was traveling well within the speed limit, that Kirkland was keeping a "careful and proper lookout," and that Kirkland immediately "threw the train into emergency" when he saw that Sargent's car was not going to stop. They also rely on an affidavit signed by Mike McDonald that provides that the train's event recorder confirms that the train was not exceeding the applicable speed limit and that the horn was sounded in accordance with state law. However, the plaintiffs have submitted an affidavit signed by Katrina Sargent that states that the train's horn was not sounded and that the train did not brake prior to striking her car.

The burden of persuasion on those who claim fraudulent joinder is a heavy one and any contested issues of fact or ambiguities of state law must be resolved in the plaintiff's favor. *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003). In view of the factual dispute regarding what

actually occurred prior to and during the collision, the Court cannot conclude that there is " no possibility of recovery" against Kirkland and Woodham.

Finally, both the plaintiffs and the railroad defendants have alleged that the Mississippi defendant, Katrina Sargent, negligently caused the accident at issue. Although the allegations against Sargent in the Complaint are indeed vague and conclusory, any doubt as to the propriety of removal should be resolved in favor of remand. *See In re Hot-Hed, Inc.*, 477 F.3d 320, 323 (5th Cir. 2007). Thus, the Motion to Remand must be granted.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion to Remand [6] filed by the plaintiffs is **GRANTED**. The above styled and numbered cause is hereby **REMANDED TO THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI, FIRST JUDICIAL DISTRICT**, pursuant to 28 U.S.C. § 1447(c).

**IT IS FURTHER ORDERED AND ADJUDGED** that a certified copy of this order of remand shall be immediately mailed by the Clerk of this Court to the clerk of the state court pursuant to 28 U.S.C. § 1447(c).

**SO ORDERED AND ADJUDGED** this the 29th day of December, 2009.

*s/ Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE