IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| JOSEPH P. HUDSON, Guardian of Minor Children M.D.S., J.M.S., and R.D.M., minors, and M.D.S., J.M.S., and R.D.M., Minors, Individually, by Joseph P. Hudson, Next Friend | PLAINTIFFS |
| v. | CIVIL ACTION NO. 1:09CV701-LG-RHW |
| MICHAEL KIRKLAND; RICHARD WOODHAM, JR.; KANSAS CITY SO. RAILWAY CO.; KANSAS CITY SO. INDUSTRIES, INC.; KATRINA SARGENT; JOHN DOES 1-10; and JANE DOES I-V | DEFENDANTS |

## ORDER DENYING MOTION TO RECONSIDER

**BEFORE THE COURT** is the Motion to Reconsider [22] filed by Kansas City Southern Railway Co. and Kansas City Southern Industries, Inc. Upon reviewing the submissions of the parties and the applicable law, the Court finds that the Motion to Reconsider should be denied.

### DISCUSSION

This lawsuit arose out of the collision of a train and an automobile on Highway 49 in Gulfport, Mississippi. The defendants removed the case to this Court, arguing that the three non-diverse defendants were improperly joined to defeat diversity jurisdiction. This Court determined that diversity of citizenship did not exist in this lawsuit for the following reasons: (1) there was conflicting evidence regarding whether the non-diverse railroad employees applied the brakes or blew the train's horn; (2) the lay opinion of a non-diverse train employee that he was "keeping a proper lookout" was inadmissible; and (3) both the plaintiffs and the railroad defendants agree that the non-diverse defendant Katrina Sargent was negligent. The Court file

was immediately returned to state court pursuant to this Court's Order. However, the defendants argue that this Court should reconsider its Order [18] granting the plaintiffs' Motion to Remand.

In their Motion to Reconsider, the defendants claim that this Court ruled on the plaintiffs' Motion to Remand too quickly and that they did not have time to file a motion to strike the affidavit of Katrina Sargent, which was relied on, in part, by the Court.[1] The defendants also assert that they discovered new information after the filing of the plaintiffs' reply on December 18, 2009, that affects the admissibility of Sargent's affidavit as well as information that demonstrates that Sargent should be realigned as a plaintiff in this lawsuit. The defendants also note that they have recently learned that Sargent was murdered in early December of 2009. Therefore, they claim that her affidavit is inadmissible hearsay.

"An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise." 28 U.S.C. § 1447(d). The Supreme Court has held that Section 1447(d) applies to remand orders issued under 28 U.S.C. § 1447(c), which includes remands for lack of subject matter jurisdiction. *Heaton v. Monogram Credit Card Bank of Ga.*, 231 F.3d 994, 997 (5th Cir. 2000). A Section 1447(c) remand is not reviewable even if the district court's remand order was erroneous. *Heaton*, 231 F.3d at 997. "[T]he federal court is completely divested of jurisdiction once it mails a certified copy of the [remand] order to the clerk of the state court." *In re Shell Oil Co.*, 932 F.2d 1523, 1528 (5th Cir. 1991) (quoting *Browning v. Navarro*, 743 F.2d 1069, 1078 (5th Cir. 1984)). As a result, this Court is prohibited from reconsidering its Order [18] granting the plaintiffs' Motion to Remand.

---

[1] This Court's Order [18] was entered on December 29, 2009, approximately eleven days after the plaintiffs' reply was filed.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion to Reconsider [22] filed by Kansas City Southern Railway Co. and Kansas City Southern Industries, Inc., is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 27th day of January, 2010.

                                                    s/ *Louis Guirola, Jr.*
                                                   LOUIS GUIROLA, JR.
                                                   UNITED STATES DISTRICT JUDGE